**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2555-20

KAITLYN SHEEDY,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
and ULTA SALON, COSMETIC
& FRAGRANCE, INC.,

     Respondents.

_____

Submitted June 8, 2022 – Decided July 27, 2022

Before Judges Hoffman and Susswein.

On appeal from the Board of Review, Department of Labor, Docket No. 224375.

Castronovo & McKinney, LLC, attorneys for appellant (Thomas A. McKinney, of counsel and on the briefs).

Matthew J. Platkin, Acting Attorney General, attorney for respondent Board of Review (Donna Arons, Assistant Attorney General, of counsel; Kendall J. Collins, Deputy Attorney General, on the brief).

PER CURIAM

Appellant, Kaitlyn Sheedy, appeals from an April 1, 2021 final agency decision of the Board of Review (Board) upholding the decision of the Appeal Tribunal affirming the Department of Labor's (Department) denial of her petition for unemployment benefits. The Board determined that Sheedy's administrative appeal of the Department's decision was untimely filed. She contends she received inadequate instruction on how to file an appeal and that there was good cause to excuse the delay in filing her appeal of the Department's determination. After carefully reviewing the record in light of the applicable legal principles, we affirm.

I.

We discern the following facts and procedural history from the record. Sheedy began working as a hair stylist for Ulta Beauty, Inc. on July 15, 2018. She was compensated on a commission basis, earning approximately $15,000 annually. The events precipitating her departure from Ulta occurred during July and August 2019. When her uncle passed away, Ulta did not approve her request for a one-week leave of absence to attend his funeral services. After speaking with someone in Ulta's Human Resources Department, Sheedy took off three days but was not approved for a leave of absence. After her uncle's funeral on

August 3, 2019, Sheedy planned to return to work. However, she was still experiencing "a lot of mental stress" and needed additional days off. Ulta denied her request and told her she needed to return to work.

Sheedy left her employment with Ulta on or around August 6, 2019. She testified that she left because of the amount of stress she was experiencing from the work environment at the salon, in addition to her uncle's death. She admitted that she did not seek medical care for her stress. She also testified that she received poor training, that there was a lack of managerial "stability," and that she feared losing her license because she was "doing all the work [herself]." She contends these circumstances caused her to suffer stress and compelled her to leave her employment with Ulta.

On February 24, 2020, Sheedy started a new job as an eyelash technician at JAK Ventures in Bound Brook, known as "Lash Lounge." Lash Lounge laid her off on March 16, 2020, due to the COVID-19 pandemic, while the store closed temporarily. She has worked at Lash Lounge since its reopening on June 22, 2020. Between February 25, 2020, and March 10, 2020, claimant earned $374.15.

After leaving Ulta, Sheedy applied for unemployment benefits on January 26, 2020. On March 2, 2020, she received a notice of determination from the

Department of Labor denying her request for unemployment benefits on the grounds that she had left her position at Ulta voluntarily because she felt her work was adversely affecting her health. The Department noted that she provided no documentation to establish that her work at Ulta caused or aggravated a medical condition. The Department thus determined that her departure from Ulta was not based on "good cause attributable to the work."

The upper right corner of claimant's notice of determination contained the following notice:

RIGHT OF APPEAL

ANY APPEAL FROM THIS DETERMINATION MUST BE SUBMITTED IN WRITING WITHIN 7 DAYS AFTER DELIVERY OR WITHIN 10 DAYS AFTER THE DATE OF MAILING. THE TENTH DAY AFTER MAILING IS:

03/02/20
SEE REVERSE FOR APPEAL INSTRUCTIONS

[(emphasis in original).]

Sheedy admitted that she read the notice of determination. She claims that she was waiting for a different employer to report her wages. She further explained that she "was unaware that once you're disqualified from benefits[,] you don't get anything else after that, and the [COVID-19] pandemic hit and [she] wasn't able to get in contact with anybody."

4                                                                    A-2555-20

Sheedy eventually contacted the Department of Labor on July 15, 2020. At that time, she stated she did not have "the proper evidence" to appeal. She admitted to the Appeals Examiner that gathering evidence "took [her] a little longer than . . . expected." She further explained to the Appeals Examiner that the filing of her appeal was further delayed because she "wanted to submit . . . some text messages proving that [she] was under a lot of duress while . . . working at Ulta." She told the Appeals Examiner that the woman at the Department with whom she spoke in July 2020 informed her that she could still appeal her notice of determination. However, Sheedy did not file her appeal until September 1, 2020.

The Appeal Tribunal denied claimant's appeal, explaining:

> N.J.S.A. 43:21-6(b)(1) provides that an appeal must be filed within ten (10) days of the mailing of the determination, or within seven (7) days of the receipt of the determination. The appeal was not filed within these limits and good cause has not been shown for the appeal being filed late. The Tribunal has no jurisdiction over the merits of the appeal. The appeal is dismissed.

Sheedy appealed the Tribunal's affirmance to the Board of Review. The Board affirmed, explaining:

> The claimant having filed a timely appeal from a decision of the Appeal Tribunal mailed November 16, 2020[,] which dismissed the appeal on the ground that

5

it was filed after the expiration of the statutory period, and

IT APPEARING that the appeal was properly dismissed in accordance with N.J.S.A. 43:21-6(b)(1), the Deputy's determination having become final, and good cause not having been shown for such late filing;

IT IS ORDERED, that the decision of the Appeal Tribunal be . . . affirmed since the claimant's delay in filing her appeal did not constitute good cause . . . .

This appeal followed. Sheedy raises the following contention for our consideration.

POINT I

THE BOARD'S DECISION IS UNREASONABLE BECAUSE MS. SHEEDY HAD GOOD CAUSE FOR HER LATE APPEAL AS SHE DID NOT HAVE SUFFICIENT INSTRUCTION FOR FILING AN APPEAL OF THE DETERMINATION, AND THIS MATTER SHOULD BE REMANDED FOR A DETERMINATION ON THE MERITS.

A. ALTHOUGH THE GOOD CAUSE STANDARD WAS CITED BY THE BOARD OF REVIEW, MS. SHEEDY WAS UNAWARE OF THE GOOD CAUSE EXCEPTION TO THE TEN-DAY FILING REQUIREMENT AND HOW TO COMPLY WITH IT.

B. GOOD CAUSE EXISTED FOR MS. SHEEDY'S UNTIMELY APPEAL.

C. THIS MATTER SHOULD BE REMANDED TO THE DEPUTY TO DETERMINE WHETHER

MS. SHEEDY RESIGNED FOR GOOD CAUSE ATTRIBUTABLE TO WORK.

D.  MS. SHEEDY WAS COMPELLED TO RESIGN BECAUSE ULTA INCREASED HER DUTIES AND REFUSED TO PROVIDE HER MANAGERIAL SUPPORT, WHICH EXACERBATED HER ANXIETY.

II.

We begin our analysis by acknowledging the legal principles governing this appeal.

The scope of our review of the Board's decision is limited. Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018). A final decision of an administrative agency should not be disturbed unless it is arbitrary, capricious, or unreasonable. Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997). The party challenging an administrative action bears the burden of demonstrating that the decision was arbitrary, capricious, or unreasonable. Lavezzi v. State, 219 N.J. 163, 171 (2014) (quoting In re J.S., 431 N.J. Super. 321, 329 (App. Div. 2013)).

"In reviewing a final agency decision, such as that of the Board . . ., we defer to fact-findings that are supported by sufficient credible evidence in the record." McClain v. Bd. of Rev., 237 N.J. 445, 456 (2019) (citing Brady, 152 N.J. at 210). "[I]f substantial evidence supports the agency's decision, 'a court

may not substitute its own judgment for [that of] the agency's even though the court might have reached a different result.'" In re Carter, 191 N.J. 474, 483 (2007) (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)).

When determining whether a state agency acted within the scope of its authority, we consider the following factors:

> (1) whether the agency's decision offends the State or Federal Constitution; (2) whether the agency's action violates express or implied legislative policies; (3) whether the record contains substantial evidence to support the findings on which the agency based its action; and (4) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant facts.
>
> [Lourdes Med. Ctr. of Burlington Cnty. v. Bd. of Rev., 197 N.J. 339, 360 (2009) (citing Brady, 152 N.J. at 211).]

In light of these factors, reviewing courts "must defer to an agency's expertise and superior knowledge of a particular field." In re Carter, 191 N.J. at 483 (quoting Greenwood, 127 N.J. at 513).

In the specific context of unemployment benefits, reviewing courts generally construe New Jersey's Unemployment Compensation Law "liberally in favor of [the] allowance of benefits." Lord v. Bd. of Rev., 425 N.J. Super.

187, 195 (App. Div. 2012) (quoting Utley v. Bd. of Rev., 194 N.J. 534, 543 (2008)). However, the law is specifically meant for "protection against the hazards of economic insecurity due to involuntary unemployment." Yardville Supply Co. v. Bd. of Rev., 114 N.J. 371, 374 (1989) (citing N.J.S.A. 43:21-2). Therefore, if "an employee leaves work voluntarily, he [or she] bears the burden to prove he [or she] did so with good cause attributable to work." Brady, 152 N.J. at 218.

An employee leaves work voluntarily within the meaning of N.J.S.A. 43:21-5(a) when "the decision whether to go or to stay lay at the time with the worker alone." Lord, 425 N.J. Super. at 191 (quoting Campbell Soup Co. v. Bd. of Rev., 13 N.J. 431, 435 (1953)). Our Supreme Court has recognized that "[t]he test of 'ordinary common sense and prudence' must be utilized to determine whether an employee's decision to leave work constitutes good cause." Brady, 152 N.J. at 214 (quoting Zielenski v. Bd. of Rev., 85 N.J. Super. 46, 52 (App. Div. 1964)).

Regulations promulgated by the Department of Labor provide "a non-exhaustive list of examples in which a claimant's separation from employment" constitutes voluntarily leaving work:

> 1. Lack of transportation;

2. Care of children or other relatives;

3. School attendance;

4. Self-employment;

5. Lack of housing;

6. Relocating to another area for personal reasons;

7. Relocating to another area to accompany a spouse, a civil union partner, or other relatives;

8. Voluntary retirement;

9. To accept other work; or

10. Incarceration.

[Ardan v. Bd. of Rev., 231 N.J. 589, 603 (2018) (citing N.J.A.C. 12:17-9.1(e)).]

We have construed "good cause" to mean "cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed." Domenico v. Bd. of Rev., 192 N.J. Super. 284, 287 (App. Div. 1983). In other words, "real, substantial and reasonable circumstances not imaginary, trifling and whimsical ones[,]" must compel the decision to leave employment. Id. at 288.

A claimant must demonstrate that good cause was actually attributable to the work. Ardan, 231 N.J. at 602. The Unemployment Compensation Law was

amended in 1961 to "eliminate the eligibility of persons who leave work for good, but personal causes." Brady, 152 N.J. at 213. A claimant who leaves work for a personal reason, no matter how compelling, is disqualified to receive unemployment benefits under N.J.S.A. 43:21-5(a). Self v. Bd. of Rev., 91 N.J. 453, 456–57 (1982). "Mere dissatisfaction with working conditions[,] which are not known to be abnormal or to affect health, does not constitute good cause for leaving work voluntarily." Medwick v. Bd. of Rev., Div. of Employ. Sec., 69 N.J. Super. 338, 345 (App. Div. 1961); Sanchez v. Bd. of Rev., 206 N.J. Super. 617, 623–24 (App. Div. 1986).

Importantly for purposes of this appeal, N.J.S.A. 43:21-6(b)(1) requires an appeal from a notice of determination be filed within ten days of the mailing of the determination, or within seven days of the receipt of the determination. The Board will nevertheless consider late appeals on the merits if "good cause" delayed a claimant's appeal. N.J.A.C. 12:20-3.1(i) provides:

> A late appeal shall be considered on the merits if it is determined that the appeal was delayed for good cause. Good cause exists in circumstances where it is shown that:
>
> 1. The delay in filing the appeal was due to circumstances beyond the control of the appellant; or

> 2. The appellant delayed filing the appeal for circumstances which could not have been reasonably foreseen or prevented.
>
> [N.J.A.C. 12:20-3.1(i).]

## III.

We next apply the foregoing legal principles to the present matter. Sheedy contends she had good cause for her late appeal because she did not receive adequate instruction for filing an appeal of the Board's determination. The record shows that instructions for filing an appeal are clearly and conspicuously set forth in the notice of determination that was mailed to Sheedy on February 21, 2020. Sheedy admitted that she received and read the notice of determination.

The appeal instructions on the back of the notice of determination are clear and unambiguous. Those instructions provided claimants with the website to visit to file an appeal, or alternatively, an address for filing an appeal by mail. Accordingly, we reject this argument.

Nor does the record support her assertion of good cause based on her claim that she spoke with someone in the Department of Labor in July 2020 who informed her that she could still appeal her notice of determination. As we have noted, the appeal was not filed until September 1, 2020. We likewise have no

basis upon which to disturb the agency determination that Sheedy's desire to gather additional evidence does not constitute good cause to file an appeal seven months after the clearly-stated deadline.

In sum, Sheedy has failed to establish circumstances "beyond [her] control" or "which could not have been reasonably prevented" as to constitute good cause for purposes of N.J.S.A. 12:20-3.1(i). The final agency decision to enforce the filing deadline, therefore, was not arbitrary, capricious, or unreasonable. Lavezzi, 219 N.J. at 171 (quoting J.S., 431 N.J. Super. at 329).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION